NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RYAN C. GOFF, *Plaintiff/Appellant*,

*v.*

ANNA MARIE CANO, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0372

FILED 07-09-2026

Appeal from the Superior Court in Maricopa County
No. CV2022-011154
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Ryan C. Goff, Phoenix
*Plaintiff/Appellant Pro Se*

Hill Hall Stark & Ferraro, PLC, Scottsdale
By Michael S. Ferraro, Christopher Robbins
*Counsel for Defendant/Appellee Cano*

The Cavanagh Law Firm, PA, Phoenix
By Elliot H. Wernick
*Counsel for Defendant/Appellee State Farm*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge D. Andrew Gaona joined.

---

**F O S T E R**, Judge:

¶1        Appellant Ryan Goff appeals the superior court's dismissal of his complaint against Appellees Anna Marie Cano, and her alleged insurance company, State Farm Automobile Insurance Company.[2] This Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        On September 2, 2020, Goff and Cano were involved in a motor vehicle collision. On August 25, 2022, Goff sued Cano and her insurance company, State Farm, for damages related to the collision.

¶3        A little over a month later, Goff sent an email to State Farm asking if it would settle his complaint for $6,500.00. Later that day, State Farm sent a "Release" to Goff. It stated that

> in consideration of the sum of six thousand five hundred . . . Dollars, RYAN GOFF . . . hereby fully and forever release[s] and discharge[s] [ ] Cano . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, . . . from an

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

[2] Cano's insurer was State Farm *Mutual* Automobile Insurance, not State Farm Automobile Insurance Company. To avoid confusion, this decision refers to the State Farm entities collectively as "State Farm."

incident on or about the 2nd day of September, 2020, at or near Indian School & 23rd Ave, Phoenix, AZ.

Goff signed the form on September 29, 2022, which included the following declaration:

> [T]he terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims.

The Release did not require a countersignature from Cano or State Farm and did not specify a date by which State Farm had to pay Goff.

¶4 Goff emailed State Farm about the Release a week later: "Per our conversation, this release is no longer valid and my offer is rescinded, it [sic] as it was not finished by close of business today 5 PM so therefore this is Null and void!" Goff also sent a document to State Farm titled "Breach of Contract Notice" that stated, in part:

> Pursuant to the contract titled 'Release Claim#03-11B2-47P' and dated September 29th, 2022 ("[Release]"), you have conducted yourself in such a way that has breached this [Release] due to the following actions: Non Performance Non Compliance.

The notice does not provide any additional information on how State Farm failed to perform or comply with the Release.

¶5 Goff then moved for default against Cano and State Farm, attesting that he had served them. He attached mail receipts showing the post office returned his certified mailing as undeliverable. Cano moved to dismiss about ten days later, arguing Goff failed to file proof of service with his motion for default. Cano also alleged Goff had not served her with the Complaint and the docket did not show proof of service. The superior court never ruled on the motion to dismiss.

¶6 Goff then amended his Complaint, again naming Cano and State Farm as defendants. Goff also filed an Application and Affidavit for Default and a Motion to Serve by Other Alternative Service. The court

denied Goff's Application, saying "default judgment is premature when the opposing party has not yet been served."

¶7        Almost a year later, Goff filed another Application and Affidavit for Default, this time naming only State Farm as the defaulting defendant. The next month, Goff filed two affidavits of service by certified mail purportedly showing he mailed the Application and Affidavit for Default to Cano and State Farm's claims department in Atlanta, Georgia. In response, State Farm moved to dismiss, arguing improper service. Goff did not respond to State Farm's motion. Accordingly, the court granted State Farm's motion, dismissing the insurance company from the case.

¶8        About five months later, Cano moved to enforce the Release's terms. The motion requested the court enter an order reflecting the terms of the Release requiring Cano to be paid through Goff's insurer, subject to any liens, and discharge Cano from further litigation. Goff did not respond or object. The court granted Cano's motion to enforce, finding the Release bound the parties. The court ordered Cano to pay Goff as provided by the Release. On Cano's motion, the court then dismissed Goff's complaint with prejudice on March 20, 2025.

¶9        Goff filed a timely notice of appeal. This Court has jurisdiction to review the superior court's dismissal. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶10        On appeal, Goff claims the Release between the parties is void and thus, the superior court erred in enforcing it and dismissing his complaint. Cano argues the court properly enforced the Release and this Court should affirm the superior court's dismissal. State Farm joins in Cano's response and further argues this Court lacks personal jurisdiction over it.

## I.        This Court lacks personal jurisdiction over State Farm.

¶11        State Farm asserts it "entered a limited appearance in the underlying matter for the *sole* purpose of moving to dismiss Goff's Application for Default." (emphasis added). Because jurisdiction is a threshold issue, this Court addresses it first. *See Duckstein v. Wolf*, 230 Ariz. 227, 233, ¶ 18 (App. 2012).

¶12        Personal jurisdiction is a question of law reviewed *de novo*. *Duckstein*, 230 Ariz. at 233, ¶ 19. And "[p]roper service of process is

essential for the court to have jurisdiction over the defendant." *Id.* at ¶ 18 (quoting *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980)).

**¶13** Here, Goff admits that "State Farm . . . was never served." Moreover, Goff offers no argument as to how failing to serve State Farm satisfies due process and permits this Court or the superior court to exercise personal jurisdiction over State Farm. Accordingly, Goff has waived this issue. Without proper service, this Court and the superior court lack personal jurisdiction over State Farm. *See Riendeau v. Wal-Mart Stores, Inc.*, 223 Ariz. 540, 541, ¶ 4 (App. 2010) ("[This Court] cannot consider an appeal from the superior court on the merits unless the superior court has jurisdiction."). Because this issue is dispositive, the superior court properly dismissed Goff's complaint against State Farm.

## II.    The Release is valid and justifies dismissal.

**¶14** Goff claims he "timely rescinded the . . . [Release] via written notice prior to any performance" and therefore the court improperly dismissed his complaint. Goff argues that because he rescinded the Release, it was void and unenforceable.

**¶15** Arizona law favors resolution of disputes by agreement. *State Farm Mut. Auto. Ins. Co. v. Frank*, 257 Ariz. 255, 261, ¶ 21 (App. 2024) (citation omitted). Contracts, like the Release in this case, must have "an offer, acceptance, consideration, and sufficient specification of terms" to be enforceable. *Id.* "Acceptance occurs when one manifests agreement to the terms of an offer in a way the offer requests or requires." *Id.* (citing *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212 (1983)).

**¶16** Here, the Release contained the required elements. Cano made an offer, in the form of the Release, with sufficiently specific terms. Goff accepted this offer by signing and returning the Release. *See State Farm*, 257 Ariz. at 261, ¶ 21; *see also Robertson v. Alling*, 237 Ariz. 345, 347, 348, ¶¶ 4, 14–15 (2015) (accepting an offer can be done via email). The terms of the Release stated Goff would receive $6,500.00 as consideration of the discharge "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever" arising from the 2020 collision. A valid contract existed.

**¶17** Goff claims he rescinded this valid contract via written notice when he stated "my offer is rescinded . . . so therefore this is Null and void!" But merely saying a contract is rescinded does not make it so. Parties may rescind an agreement by mutual agreement, or one party may seek a court order declaring rescission based on legal grounds such as

breach or nonperformance. *Bazurto v. Burgess*, 136 Ariz. 397, 399 (App. 1983); *see also County of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 610, ¶ 62 (App. 2010) (breach); *Poggi v. Kates*, 115 Ariz. 157, 160–61 (1977) (non-performance). But the parties neither agreed to rescission nor did Goff seek declaratory relief to the effect.

**¶18**        Goff claims that Cano's failure to provide payment by "close of business" on October 5, 2022, was both a breach and nonperformance. But Goff said nothing about this in his October 5, 2022 notice to Cano. Similarly, Goff's amended Complaint mentioned non-performance and claimed breach by *State Farm* for non-payment but made no specific claims against *Cano*. Because Goff's claims related to the Release only mentioned State Farm and did not specifically reference any of Cano's actions, Goff's claims of rescission fail as to Cano.

**¶19**        Even reading Goff's amended Complaint to suggest that Cano breached or failed to perform under the Release, Goff's claims fail. Goff does not explain how Cano's failure to make a settlement payment within one week is an unreasonable delay of performance. And such a showing or an otherwise "vital" breach of the contract was essential for him to make even a *prima facie* rescission claim. *See Poggi*, 115 Ariz. at 160–61 ("[A] reasonable delay in the performance of a contract will not be considered a material breach when time is not of the essence."); *Seitz v. Indus. Comm'n*, 184 Ariz. 599, 603 (App. 1995) ("[R]escission . . . requires a 'vital' breach of contract, representing a 'substantial failure of consideration.'"). Here, the Release did not state that time was of the essence and therefore a week's delay in payment does not support a claim of breach under the Release. *Seitz,* 184 Ariz. 603.

**¶20**        Because Goff did not plead any claim against Cano that would justify setting aside the Release, he waived any claims of rescission, breach or non-performance as to Cano. The superior court did not err in accepting the Release as valid.

**III.    Goff waives any claims raised for the first time in his reply.**

**¶21**        Goff's reply brief claims this matter is not a routine contract enforcement dispute, but an appeal of "the central issue preserved below: the state court enforced a dismissal with prejudice against a disabled litigant without conducting any ADA Title II inquiry." Goff does not cite anywhere in the record, and this Court has not found, where he raised any issues related to the Americans with Disabilities Act ("ADA") in the

superior court. Issues not raised for the first time on appeal are considered waived. *James v. State*, 215 Ariz. 182, 191, ¶ 34 (App. 2007).

## CONCLUSION

¶22        This Court affirms.

